# EXHIBIT A

To Defendants Gregory Bell and Bell, Gould and Scott, P.C.'s Motion to Dismiss Pursuant to Fed.R. Civ. P. 12(b)(6) and 9(b)



**BELL GOULD & SCOTT P.C.**

322 E. OAK STREET
FORT COLLINS, CO 80524

TELEPHONE (970) 493-8999
FACSIMILE (970) 224-9188

WWW.BELL-LAW.COM

FROM THE DESK OF—
GREGORY S. BELL
GBELL@BELL-LAW.COM

September 28, 2010

Eric Hayes Petty
Rocky Mountain Legal Counsel, P.C.
2000 S. College Ave., Suite 220
Fort Collins, CO 80525

*Re: Frivolous demand letter dated August 10, 2010*

Dear Mr. Petty:

As you may know our firm represents Marwan and Jeanette Chatila and their business entity M & J Carpet Cleaning, Inc. On August 10, 2010 they received a demand letter from Zayed and Jamileh Obeidat which stated that you are their attorney and that they possess a partnership interest in "M & J Carpet Cleaning." We spoke on the phone recently and you followed up with an email, both indicating that you believe your clients have some claim against the current corporate entity.

The purpose of this letter is to inform you that the Obeidat's do not have any interest in the Chatila's business, and unless there are additional facts still not known to us, we believe that continued pursuit of such claims is in violation of Colorado Rules of Civil Procedure 11(a).

The "partnership agreement," on which your clients base their demand is a legal nullity. Although it purports to transfer an interest of Jeanette Chatila to Zayed and Jamileh Obeidat, Ms. Chatila's signature is nowhere to be found on that document. That document states on its face that "[t]he current partners are Jeanette Chatila, owning a 5% interest, and Marwan Chatila, owning 95%." As you are likely aware, no person or persons can become members of a partnership without the consent of all partners. See C.R.S. 7-60-118(1)(g); *Tucker v. Ellbogen*, 793 P.2d 592, 598 (Colo. Ct. App. 1989) ("[n]o person can become a member of a partnership without the consent of all the partners. Section 7-60-118, C.R.S. (1986 Repl. Vol. 3A)"). Accordingly, the 1990 "Amendment to Partnership Agreement for M & J Carpet Cleaning" which your clients are relying upon does not have the legal force which they allege, or have been advised. In addition, they received back all monies which they invested, plus approximately another $6,000.00, upon dissolution of the partnership business.

While there are numerous other legal reasons why the demand letter from your clients is frivolous and completely unwarranted as a matter of law, in the spirit of saving our clients unnecessary legal expenses, the same are not addressed here.

To conclude and make our position entirely clear a summary is given below:

GREGORY S. BELL • JEREMY E. SCOTT • MATTHEW T. GOULD • LAURIE R. STIRMAN

1) The Obeidats are not, and cannot as a matter of law, be partners in the Chatila's business without the consent of Jeanette Chatila.

2) We have seen no indication that Jeanette Chatila consented to a release of her partnership interest or the transfer of a partnership interest to the Obeidats.

3) We have seen nothing to indicate any activity on this "claim" since your clients were paid in 1995, and all statutes of limitation appear to have clearly run.

4) If you have additional documentary evidence not known to us, we would be happy to evaluate its effect. Otherwise, it appears that any assertion of this claim by way of a civil complaint would violate Rule 11, and would be contested as a claim unsupportable under the law.

Should you have any questions do not hesitate to call our office.

Very Truly Yours,

Gregory S. Bell
Attorney for Chatilas and M & J Carpet Cleaning, Inc.