IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02819-WDM-CBS

ZAYED OBEIDAT, and
JAMILEH OBEIDAT,

      Plaintiffs,

v.

MARWAN CHATILA,
JEANETTE CHATILA,
M&J CARPET CLEANING PARTNERSHIP, and
M&J CARPET CLEANING, INC.,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Pursuant to Federal Civil Procedure 26(c), and upon agreement and joint motion of Defendants Marwan Chatila, Jeanette Chatila, M & J Carpet Cleaning Partnership, and M & J Carpet Cleaning, Inc.; Defendants Gregory Bell, and Bell, Gould and Scott, P.C.; and Plaintiffs Zayed Obeidat and Jamileh Obeidat (collectively, the "Parties"), the Court enters this Stipulated Protective Order to govern initial disclosures, discovery, and other matters in this case:

      1.      Scope:  This Stipulated Protective Order governs the use of all produced documents, answers to Interrogatories, responses to Requests for Admissions and responses to Requests for Production of Documents, deposition transcripts and any other information, documents, objects or things which have been or will be produced or received by any party or third-party witness during the proceedings in this action. These materials are collectively referred to as "Discovery Materials."

2.      Confidential Materials: Any Discovery Materials produced by any party or third-party witness which are deemed in good faith to contain confidential business, privileged, or personal information may be designated "CONFIDENTIAL" in the manner set forth below.  All such materials so designated are hereafter collectively referred to as "Confidential Materials." "Confidential Materials" do not include such information, documents and materials which (i) are or become generally available to the public other than as a result of disclosure by a party in violation of this Protective Order or (ii) are already in the lawful possession of the requesting party prior to their production in this action or are independently obtained without the disclosure of Confidential Materials in violation of this Protective Order.

3.      Designating Confidential Materials: A party producing documents considered of a confidential nature shall cause each part of such document to be stamped or labeled "CONFIDENTIAL."  The requesting party shall treat such documents as confidential pursuant to the terms set forth below.  With respect to answers or Interrogatories or responses to Requests for Admissions, a party may designate all or any portion of such responses as "CONFIDENTIAL" by clearly labeling them as such in the body of the response.  Such portions so designated shall be treated by the parties as provided below.

4.      Designating Confidential Materials at Depositions: If at any deposition a witness is asked for information considered confidential by one of the parties, or by the witness if the witness is not a party, the party or witness may by letter to all counsel of record designate any portion of the deposition testimony as "CONFIDENTIAL" at any time up to thirty (30) days after actual receipt of the transcript of the deposition, and such portions shall be treated by the parties as provided below.

5.      Use of Confidential Material: Confidential Materials shall be used only in the prosecution and defense of this action and shall not be used or employed for any other purpose, except as otherwise provided herein.  Materials designated "CONFIDENTIAL" may be disclosed to counsel and counsel's legal and clerical

staff; to retained expert witnesses and litigation consultants; to officers, directors, employees and agents of the parties who may need to review such materials; to any party in any further dispute or litigation arising out of the subject matter of this action or the facts, circumstances and allegations referenced therein; to auditors, insurers, reinsurers and governmental or regulatory agencies and authorities; and as otherwise required by law. If any party, attorney or individual shall disclose Confidential Materials or information to a consultant, expert witness, non-party witness, or any other permitted third party, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and inform them that they are bound by the terms of this Stipulated Protective Order. Confidential Materials may be used as exhibits to motions, pleadings and other filings in this action, and may be used at trial without limitation, and they will not lose their confidential status or between the parties.

6.      Rights of Parties: This Stipulated Protective Order shall not preclude any party from applying to the Court for relief from a provision thereof or from asserting that certain Confidential Materials should receive different, greater or less confidentiality protection than provided for herein.  The Stipulated Protective Order shall not be construed to limit the right of any party to a protective order pursuant to other statutory common laws or to assert any additional right or privilege to withhold the production of any documents or testimony.

7.      Effective Upon Execution: This Stipulated Protective Order shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made confidential, no party shall treat any Confidential Materials produced prior to that time, other than that provided in this Stipulated Protective Order, without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

8.      Prior Production of Discovery Materials: If any Discovery Materials, including deposition testimony, have been produced in anticipation of the finalization and execution of this Stipulated Protective Order, all such previously produced Discovery Materials shall be governed by the terms hereof, and the producing party shall have thirty (30) days from the date this Stipulated Protective Order is executed for all counsel for all parties to designate such materials or portions thereof as "CONFIDENTIAL."

9.      Modifications and Amendments: Nothing herein shall prevent any party, on notice to the other party, from applying to the Court for a modification of this Stipulated Protective Order.

Approved as to form and content and stipulated
by the parties this 17th day of May 2011 as follows:

Attorneys for Defendants
MARWAN CHATILA,
JEANETTE CHATILA,
M & J CARPET CLEANING
PARTNERSHIP,
M & J CARPET CLEANING, INC.

/s/     Tracy Oldemeyer
Tracy A. Oldemeyer, #28246
Elizabeth A. Tiarks, #42746
Cline Williams
  Wright Johnson & Oldfather, L.L.P.
330 South College Ave., Suite 300
Fort Collins, Colorado 80524
Telephone: (970) 221-2637
Fax: (970) 221-2638
toldemeyer@clinewilliams.com

Attorneys for Plaintiffs
ZAYED OBEIDAT
JAMILEH OBEIDAT

/s/    Eric Hayes Petty
Eric Hayes Petty
Rocky Mountain Legal Counsel, P.C.
2000 S. College Ave., Suite 220
Fort Collins, CO 80525-1484
Telephone: (970) 416-7652
eric.petty@rmlegalcounsel.com

Counsel for Defendants
GREGORY BELL, and
BELL, GOULD and SCOTT, P.C.

/s/        Tory Riter
Robert M. Baldwin, Esq.
Tory D. Riter, Esq.
Katherine L. Vaughn, Esq.
Baldwin Morgan & Rider, PC
1512 Larimer Street, Suite 450
Denver, CO 80202
Telephone: (303) 623-1832
Email: rob@bmrpc.com;
            tory@bmrpc.com;
            katherine@bmrpc.com

DATED at Denver, Colorado, this 23rd day of May, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

5