IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-02819-WDM-CBS

ZAYED OBEIDAT, and
JAMILEH OBEIDAT,

    Plaintiffs,

v.

MARWAN CHATILA,
JEANETTE CHATILA,
M & J CARPET CLEANING PARTNERSHIP,
M & J CARPET CLEANING, INC.,
GREGORY BELL, and
BELL, GOULD AND SCOTT, P.C.,

    Defendants.

## ORDER ON MOTIONS TO DISMISS

Miller, J.

This matter is before me on the Motion to Dismiss Amended Complaint (ECF No. 28) filed by Defendants Marwan Chatila, Jeanette Chatila, M & J Carpet Cleaning Partnership and M & J Carpet Cleaning, Inc., (the "Chatila Defendants") and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) (ECF No. 30) filed by Defendants Gregory Bell and Bell, Gould and Scott, P.C. (the "Bell Defendants").  After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motions to dismiss will be granted.

### Background

This case arises out of a loan used to establish a carpet cleaning business in Fort Collins, Colorado and an alleged transfer of an interest in the business thereafter.

According to the Second Amended Complaint[1] (ECF No. 41), which is the operative pleading at this time, Plaintiffs loaned Defendant Marwan Chatila $15,000 to form M & J Carpet Cleaning. *Id.* at ¶ 2. Mr. Chatila was supposed to repay the loan at the rate of $400 per month but by 1990 had repaid only $6000. *Id.* Therefore, "Marwan, Zayed, and Jamileh decided that the best solution would be to convert the loan into an equity interest, so that Marwan would only make payments if the business was profitable." *Id.* In order to accomplish this, the three of them executed a document entitled "Amendment to Partnership Agreement for M & J Carpet Cleaning" (the "Amendment"), which purported to give Plaintiffs a fifty percent interest in the business while depriving Defendant Jeanette Chatila of her five percent ownership share. *Id.*; Amendment, Exh. 1 to Chatila Defendants' Motion to Dismiss, ECF No. 28-1. The Amendment was signed around September 4, 1990. Second Amendment Complaint ¶ 9. Jeanette Chatila did not sign the Amendment. *Id.* at ¶ 10.

The Amendment[2] sets forth that the Plaintiffs have contributed $9000 [presumably the remaining unpaid balance from the original loan]. Amendment ¶ 3. It provides that

---

[1]The Second Amended Complaint was accepted for filing after the motions to dismiss were filed, but Defendants maintain that the arguments in their motions apply with equal force to the Second Amended Complaint. *See, e.g.*, Chatila Defendants' Reply Brief (ECF No. 44).

[2]Although Plaintiffs did not attach a copy of the Amendment to their Second Amended Complaint, they did attach it to their earlier pleadings. Moreover, since it forms the central basis of their claims, I may consider it without converting the motions to dismiss to motions for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

Plaintiffs are entitled to fifty percent of the net profits, that Mr. Chatila would be responsible for sending monthly estimates of Plaintiffs' share of the profits for that month and that profits should be distributed within thirty days of the partnership fiscal year. *Id.* ¶¶ 5-7. Plaintiffs were given rights to examine the business's books and records and to receive a copy of monthly financial statements every three months. *Id.* ¶¶ 8, 10. Provisions were made regarding dissolution of the partnership and/or withdrawal of a partner. *Id.* ¶¶ 11-12.

Plaintiffs allege that sometime around February 16, 1996, the business was converted to a corporation, M & J Carpet Cleaning, Inc., but that Plaintiffs were not issued stock in the new corporation. Second Amended Complaint ¶¶ 12-13. Plaintiffs received payments from the partnership in 1992 and 1993 and from the corporation in 1998, 2000, 2001, 2002, and 2003. *Id.* ¶¶ 14-15. At Plaintiffs' direction, payments were made to Plaintiffs' son in 2005 and 2006; these payments were also made from the corporation. *Id.* ¶¶ 16-17.

Around 2007, Plaintiffs' son visited Colorado and reported to his parents that the business appeared to be larger and more robust than Mr. Chatila had described. *Id.* ¶ 5. Plaintiffs discussed the issues with Mr. Chatila in 2008 and 2009; in 2009, Mr. Chatila stated that Plaintiffs were not owners of the business and never had been. *Id.* ¶ 5. In response to a demand letter, Defendant Bell, Mr. Chatila's attorney, wrote a letter dated September 28, 2010 to Plaintiffs' counsel setting forth his view of the situation. Exh. A to Bell Defendants' Motion to Dismiss,[3] ECF No. 30-1. Mr. Bell states his opinion that the

---

[3]Again, I will consider this letter without converting the motion to one for summary judgment because the letter is referenced in the Second Amended Complaint at paragraph 21 and is central to the claims against the Bell Defendants. *GFF Corp.*, 130 F.3d at 1385.

3

Amendment "on which your clients base their demand is a legal nullity" because under Colorado law, the failure of Jeanette Chatila to consent to the partnership changes rendered the transfer ineffective. *Id.* He further states his view that Plaintiffs were fully paid in 1995 and that any applicable statutes of limitations have run. *Id.*

Plaintiffs then developed a "hypothesis," specifically:

> Marwan Chatila's attorney, Gregory Bell, had written the Agreement[4] with the intent that it be legally ineffective, as part of a scheme to defraud Plaintiffs, and with the idea that this fraud would give Marwan more time to repay the original loan. If the business became profitable, after several years Marwan would pay Plaintiffs the amount originally loaned to him, and then dissolve the partnership by forming a corporation. All payments would be characterized as repayment of the original loan, and not distribution of profits. After the formation of the corporation, Plaintiffs would not receive any further distribution of profits, and it was hoped that any claims by Plaintiffs would be time-barred. This plan was executed but with one exception: without the knowledge of his attorney Gregory Bell, Marwan Chatila caused the Corporation to send regular payments to [Plaintiffs], which they regarded as distribution of profits due them under the [Amendment].

Second Amended Complaint ¶ 7. This allegation is patent speculation and surmise, and is even so labeled as a "hypothesis," and is entitled to no presumption of truth in my analysis. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.").

The Plaintiffs assert the following claims for relief, pled in the alternative: (1) breach of fiduciary duty against Defendant Marwan Chatila and constructive trust; (2) breach of

---

[4]The Bell Defendants deny any role in the drafting of the Amendment but concede that Plaintiffs' allegation that the Bell Defendants drafted it must be accepted as true for the purposes of the motion to dismiss.

4

contract against Defendant Marwan Chatila and the partnership entity; (3) equitable estoppel against Defendant Marwan Chatila and the corporation; (4) equitable estoppel and breach of fiduciary duty against Defendant Marwan Chatila and the corporation; and (5) common law fraud against all Defendants.

### Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996). Rule 9(b) requires that for claims relating to fraud, the circumstances constituting fraud must be stated "with particularity." Fed. R. Civ. P. 9(b).

### Discussion

The Bell Defendants move for dismissal on the grounds that Plaintiffs' claims are time-barred and, moreover, that the allegations are insufficient to state a claim under Fed. R. Civ. P. 12(b)(6). The Chatila Defendants move for dismissal on the same grounds. I will address the arguments in turn.

1. Statute of Limitations

The Defendants argue that Plaintiffs' alleged injury, the deprivation of their ownership interest in the business, was known or should have been discovered with reasonable diligence no later than 1998, when they received notice that the business was

operating as a corporation via the payments issued to them.  Plaintiffs did not file their complaint until 2010, and none of the relevant statutes of limitations extend to 12 years. C.R.S. § 13-80-101(1)(a), (c), and (f) (statute of limitations on contract, fraud, and breach of fiduciary claims is three years); C.R.S. § 13-80-102(I) (two year statute of limitations for causes of action for which no other time period is provided).

Under Colorado law, a cause of action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1).  Although normally a defendant in a civil case may not raise the affirmative defense of the statute of limitations by means of a motion to dismiss, the issue may be resolved on a Rule 12(b)(6) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980); see also *Lavarato v. Branney*, 210 P.3d 485, 489 (Colo. App. 2009) (under Colorado law, dismissal is appropriate "where the bare allegations of the complaint reveal that the action was not brought within the required statutory period.") (citations omitted).  I may determine whether the undisputed facts show that a plaintiff reasonably should have discovered the alleged wrongful conduct as of a particular date as a matter of law.  *Winkler v. Rocky Mountain Conf. of the United Methodist Church*, 923 P.2d 152, 159 (Colo. App. 1995).

Here, according to Plaintiffs' own allegations, they began receiving payments from the corporation in 1998 and never again received a payment from the partnership.  This should have alerted them that the business was being operated as a corporation and reasonable diligence should have prompted them to inquire as to their status. In response, Plaintiffs argue that because they continued to receive payments, they "had no reason to

doubt that they were co-owners of the business until 2009, when Marwan Chatila stated they had no equity interest in the business." Response, ECF No. 35 at 5. They further contend that the accrual date of their claims is an issue of fact and that Mr. Chatila's statements kept them in ignorance.

"The requirement that a plaintiff use due diligence in discovering the relevant circumstance or event imposes an objective standard and does not reward denial or self-induced ignorance." *Sulca v. Allstate Ins. Co.*, 77 P.3d 897, 900 (Colo. App. 2003). Under that objective standard, I conclude that the statute of limitations was not tolled by the fact that Plaintiffs continued to receive payments or that Mr. Chatila told them that payments were not made in certain years because the business was not doing well. These matters do not relate to the clear notice to Plaintiffs in 1998 that the entity in which they claim an interest <u>no longer operated or existed</u> and had been replaced by a corporation. Any reasonable purported owner should have made some investigation into what had become of the partnership, whether the owner had shares in the new entity, and other essential matters. The failure to do so demonstrates self-induced ignorance about the state of Plaintiffs' ownership interest. Under these facts I can determine as a matter of law that the Plaintiffs' claims accrued no later than shortly after 1998 and that they are barred by all the relevant statutes of limitations.

  2. <u>Failure to State a Claim</u>

In addition, I conclude that the fraud claim is not pled with sufficient particularity to state a claim, especially with respect to the Bell Defendants, Defendant Jeanette Chatila, and the corporation.

The elements of fraudulent concealment under Colorado law are: (1) concealment

of a material fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages. *Kopeikin v. Merchants Mortgage & Trust Corp.*, 679 P.2d 599, 601 (Colo. 1984). The elements of fraudulent misrepresentation are: (1) a fraudulent misrepresentation of material fact; (2) the plaintiff's reliance on the material representation; (3) the plaintiff's right or justification in relying on the misrepresentation; and (4) reliance resulting in damages. *M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994).

Plaintiffs' entire theory of fraud is that the Amendment was intentionally drafted to be legally ineffective in order to deprive Plaintiffs of an ownership interest in the business. Plaintiffs have nothing but their own speculation to support this theory. Beyond that, Plaintiffs have not identified any representation made by the Bell Defendants to them, any duty by the Bell Defendants to them to disclose material information, or any facts that would show that the Bell Defendants intended that the Amendment be ineffective or that the alleged failure of the transfer be concealed from Plaintiffs. The same applies to the Chatila Defendants, particularly Jeannette Chatila. Moreover, the corporation was not in existence at the time of the alleged fraud. Therefore, even if the claims were not time-barred, the fraud claim would be dismissed.

Accordingly, it is ordered:

1. The Motions to Dismiss (ECF Nos. 28 & 30) are granted. Plaintiffs' claims are untimely and barred by the statutes of limitations. Plaintiffs' Second

Amended Complaint is dismissed with prejudice.

DATED at Denver, Colorado, on July 13, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge